UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARY E. LaFOREST, et al., )
 )
    Appellants, )
 )
v. ) No.: 3:09-CV-204
 ) (VARLAN/GUYTON)
N. DAVID ROBERTS, JR., TRUSTEE, )
 )
    Appellee. )

## MEMORANDUM OPINION

Appellant Mary E. LaForest has appealed the Memorandum Opinion and accompanying Order (the "M&O) [Doc. 1-20; Doc. 1-21] of the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court"), sustaining the Trustee's Objection to Exemption Claims (the "Objection") [Doc. 1-2], filed by Appellee N. David Roberts, Jr., Trustee. In the M&O, the Bankruptcy Court held that the exemption claimed by appellant under Tennessee Code Annotated § 56-7-203 was disallowed. Appellant appeals that decision, arguing that the exemption is allowed under the facts stipulated by the parties and the Bankruptcy Court erred in sustaining the Objection [Doc. 4; Doc. 6]. Appellee, on the other hand, contends that the Bankruptcy Court was correct in sustaining the Objection and requests that this Court affirm its decision [Doc. 5].

The Court has carefully reviewed the parties' briefs in light of the entire record and the controlling law [Docs. 1, 4, 5, 6]. For the reasons set forth below, the decision of the Bankruptcy Court will be affirmed.

## I. Procedural History

On July 16, 2008, appellant, the debtor in the bankruptcy action that is the subject of this appeal, filed a Chapter 7 Voluntary Petition of bankruptcy and claimed an exemption under T.C.A. § 56-7-203 in a Settlement Annuity valued at $155,000.00 [Doc. 1-1]. On August 21, 2008, appellee filed a timely Objection to appellant's claimed exemption under T.C.A. § 56-7-203 [Doc. 1-2]. The Bankruptcy Court held a hearing on the Objection on September 25, 2008 and the matter was set for trial on December 22, 2008. On December 8, 2008, the parties filed joint stipulations of fact [Doc. 1-3], and on December 12, 2008, the parties filed amended joint stipulations of fact [Doc. 1-7] and advised the Bankruptcy Court that an evidentiary hearing was not necessary. On December 15, 2008, appellee filed his brief in support of the Objection [Doc. 1-5], and appellant filed her brief in opposition [Doc. 1-6]. The Bankruptcy Court issued the M&O [Doc. 1-20; Doc. 1-21] on March 31, 2009, sustaining the Objection and disallowing the exemption.

Appellant filed her notice of appeal to this Court on April 9, 2009 [Doc. 1-15]. The parties have submitted briefs on their relevant positions [Doc. 4; Doc. 5], and appellant has filed a reply brief [Doc. 6]. The matter is ripe for the Court's determination.

## II. Relevant Facts[1]

At the time appellant filed her Voluntary Petition, in 2008, she was unmarried and a widow [Doc. 1-7, ¶ 1]. However, in 1989, appellant was married to David Allen LaForest

---

[1] The facts, unless otherwise indicated, were stipulated to by the parties as undisputed [Doc. 1-3; Doc. 1-4].

("Mr. LaForest") [*Id.*, ¶ 5]. On July 8, 1989, Mr. LaForest was injured in an automobile accident in Quincy, Massachusetts [*Id.*, ¶ 6]. Following the accident, on September 11, 1990, Mr. LaForest and appellant entered into a Settlement Agreement with Henry S. Levin and Andrew R. Levin and their insurance company, Quincy Mutual Fire Insurance Company ("Quincy"), settling all claims associated with the accident [*Id.*, ¶ 7; Doc. 1-9]. In the Settlement Agreement, Quincy agreed to make the following payments: (1) an immediate cash payment of $70,000; (2) payments of $625.00 per month to Mr. LaForest beginning on October 18, 1990 and continuing for the rest of his natural life, guaranteed for thirty years; and (3) various guaranteed lump sum payments paid to Mr. LaForest including: $10,000.00 to be paid on October 18, 1995; $15,000.00 to be paid on October 18, 2000; $20,000.00 to be paid on October 18, 2005; $30,000.00 to be paid on October 18, 2010; $50,000.00 to be paid on October 18, 2015; and $75,000.00 to be paid on October 18, 2020 [Doc. 1-7, ¶ 7; Doc. 1-9]. As claimants under the Settlement Agreement, neither Mr. LaForest nor appellant had the authority to sell, mortgage, encumber, or assign the payments [Doc. 1-9, ¶¶ 3, 15-16].

The Settlement Agreement authorized Quincy to fund these payment obligations through the purchase of an annuity from Transamerica Occidental Life Insurance Company ("Transamerica") [Doc. 1-7, ¶ 7(c); Doc. 1-9, ¶¶ 3, 18]. Pursuant to this authorization, on November 12, 1990, a Settlement Annuity, policy number 902341, was issued with Transamerica as "Owner" and Mr. LaForest as the "Measuring Life" [Doc. 1-8, p. 2], with "[a]ll rights of ownership and control of such annuity contract . . . remain[ing] vested in the [Transamerica] exclusively." [Doc. 1-9, p. 14].

3

Mr. LaForest received the payments under the Settlement Annuity until his death on May 28, 1998 [Doc. 1-7, ¶ 8]. At the time of Mr. LaForest's death, appellant became the "designated beneficiary" under the Settlement Annuity and began receiving the payments [*Id.*, ¶ 9; Doc. 1-10]. Cassandra LaForest, appellant's daughter, will become the primary beneficiary and receive the payments under the Settlement Annuity upon the death of appellant [Doc. 1-11].

### III. Standard of Review

The bankruptcy court makes the initial findings of fact and conclusions of law. *WesBanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs.)*, 106 F.3d 1255, 1259 (6th Cir. 1997). This Court then reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law *de novo*. *Id.* (citing Fed. R. Bankr. P. 8013) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

### IV. Analysis

The filing of a Chapter 7 bankruptcy petition creates a bankruptcy estate, comprised in part of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, debtors may exempt certain property from the bankruptcy estate. *See* 11 U.S.C. § 522. The Bankruptcy Code provides that debtors may

utilize either the exemptions listed in § 522(d) or those set forth by applicable state law, unless state law prohibits the use of the § 522(d) exemptions. *See* 11 U.S.C. § 522(b).

Tennessee prohibits the exemptions under 11 U.S.C. § 522(d), and thus, Tennessee citizens in bankruptcy are limited to the exemptions provided by Tennessee law. *See* T.C.A. § 26-2-112. Exemptions under Tennessee law are determined as of the date upon which the bankruptcy estate is commenced and are construed liberally in favor of debtors. *In re Nipper*, 243 B.R. 33, 35 (Bank. E.D. Tenn. 1999). A claim for exempt property must be claimed by the debtor pursuant to Rule 4003(a) of the Federal Rules of Bankruptcy Procedure and the trustee, as a party in interest, may object to the debtor's claimed exemptions but bears the burden of proof that the exemption has been improperly claimed. *See* Fed. R. Bankr, P. 4003(a), (c). "If the trustee fails to carry the burden of proving by a preponderance of the evidence that the exemption should be disallowed, the exemption will stand." *In re Mann*, 201 B.R. 910, 915 (Bankr. E.D. Mich. 1996). In this case, appellant claims an exemption in the Settlement Annuity under T.C.A. § 56-7-203. This statute provides that:

> **Proceeds payable to spouse, children, or dependent relatives; exemption from creditors claims** – The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the spouse and/or children, or dependent relatives of the persons, shall be exempt from all claims of the creditors of the person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to that person.

T.C.A. § 56-7-203.

Appellee objected that appellant may not claim this exemption because she is not the "owner" or "person" under the Settlement Annuity but, as Mr. LaForest's surviving designated beneficiary, contractually obtained the right to payment under the Settlement Annuity [Doc. 1-12]. Appellee argued that the Settlement Annuity was payable in full whether or not Mr. LaForest survived and the remaining proceeds and benefits could be dispersed, according to his designation of beneficiaries, following his death. Thus, appellee argued, the right to receive the proceeds of the Settlement Annuity and the right to designate future beneficiaries is distinguishable from being the owner or "person" upon whose life the Annuity was based for purposes of T.C.A. § 56-7-203.

Appellant, on the other hand, argues that at the time of filing her Voluntary Petition, the Settlement Annuity belonged to her due to the death of Mr. LaForest. Appellant asserts that because of his death, Mr. LaForest was no longer the owner of the Annuity and thus, because appellant was receiving the proceeds of the Annuity at the time of filing and able to designate future beneficiaries, she is the owner of the Annuity and entitled to the exemption in T.C.A. § 56-7-203.

The Bankruptcy Court sustained appellee's Objection [*see* Doc. 1-20, pp. 7-8, 10]. However, the Bankruptcy Court did not base its holding solely on the issue of whether appellant was the "owner" of the Settlement Annuity. Rather, the Bankruptcy Court stated that the appropriate inquiry to determine exemptions under T.C.A. § 56-7-203 does not focus on who is designated the "owner" of the annuity, but upon which "person" occupies the position of "person" in the phrases "upon the life of any person" and "creditors of the

person[.]" [Doc. 1-20, p. 10]. *See* T.C.A. § 56-7-203. The Bankruptcy Court analyzed the Settlement Annuity and the Settlement Agreement that created it, along with the circumstances in which these documents were created, and found that, based on the jointly stipulated facts and the language of the documents, the Settlement Annuity was effectively issued upon the "person" of Mr. LaForest. Thus, per the language of the exemption statute, payments under the Settlement Annuity are exempt only from the claims of Mr. LaForest's creditors—not the claims of appellant's creditors, and the exemption was disallowed.

Appellant appealed to this Court, stating three specific issues: (1) whether the Bankruptcy Court erred in sustaining appellee's Objection because the Court found that appellant was not the "measuring life" described in the exemption statute; (2) whether the Bankruptcy Court erred in its categorization of the annuity contract as a "Life Annuity" contract for purposes of settlement rather than a "fixed, certain or straight annuity contract;" and (3) whether the findings of fact by the Bankruptcy Court are "clearly erroneous" regarding the "measuring life" of the settlement annuity at the time of appellant's Voluntary Petition. The Court will address the first (1) and the third (3) issues together, followed by the second (2) issue.

### A. Whether the Bankruptcy Court Erred in its Determination of the "Measuring Life" and Erred in Sustaining the Objection

As stated previously, exemptions under Tennessee law are determined as of the date upon which the bankruptcy estate is commenced. *In re Nipper*, 243 B.R. at 35; *see also In re Lebovitz*, 360 B.R. 612, 618-19 (6th Cir. B.A.P. 2007). Appellant argues that the

Bankruptcy Court erred when it found that the "measuring life" for purposes of the Settlement Annuity was Mr. LaForest. Specifically, appellant argues that upon the death of Mr. LaForest, appellant became the "owner" of the Settlement Annuity and received payments as the "owner," not as a beneficiary. In other words, appellant's argument is that the Settlement Annuity was a contract to pay a sum certain to a designated person, originally, Mr. LaForest, and, upon the death of Mr. LaForest, appellant inherited the contract and became its "owner." Alternatively, appellant argues that if the Court were to determine that the Settlement Annuity was based on a "measuring life," appellant was "at least the payee [of the Settlement Annuity] for her life and the only beneficiary, her daughter[,]" thus, appellant's life would constitute the "measuring life." [Doc. 6, p. 9].

The Court does not agree. Appellant's focus on who constitutes the "owner" of the Settlement Annuity for purposes of the exemption statute reaches beyond the language of T.C.A. 56-7-203. Indeed, the Bankruptcy Court used the term "measuring life" as a way of explaining the meaning of "person" in T.C.A. § 56-7-203, not as a way of explaining who constitutes an "owner." If the Bankruptcy Court and this Court focused exclusively on who was designated the "owner" pursuant to the Settlement Annuity and who was designated the "measuring life," then the "owner" would be Transamerica Annuity Service Corporation [*see* Doc. 1-19, p. 5] and the "measuring life" would be Mr. LaForest [*Id.*]. As the Bankruptcy Court stated, the appropriate inquiry should not focus solely on these terms but upon whose life the relevant annuity was based. In this case, the jointly stipulated facts show that this "life" was based on the "person" of Mr. LaForest.

Pursuant to the jointly stipulated facts and the submitted exhibits, both Mr. LaForest and appellant were "claimants" in the Settlement Agreement which gave rise to the Settlement Annuity [*see* Doc. 1-9, p. 2]. The Settlement Agreement mentions both appellant and Mr. LaForest as "claimants" under the Agreement [*Id.*]. However, in Part 2B and Part 2C of the Settlement Agreement, the provisions authorizing the creation of the Settlement Annuity, the Agreement specifically provides that "the Insurer agrees to pay to the Claimant, David Allen LaForest" monthly and deferred payments [*Id.*, pp. 4-5], not the broader "claimants" which would include both appellant and Mr. LaForest. Specifically, Part 2B states that the monthly payments would be made to Mr. LaForest, "for the remainder of [his] natural life . . . guaranteed for 30 years." [*Id.*, p. 4]. In Part 3 of the Settlement Agreement, the term "claimants" is used once again used to determine *who* these payments were to be made to [*Id.*, p. 5]. This difference is important—Mr. LaForest was the "person" upon whose life the Settlement Annuity was created and upon whose life the insurer agreed to make payments to. The "claimants," Mr. LaForest and appellant, were the persons to whom these payments were to be directed and the persons who could designate the appropriate beneficiaries. Thus, appellant's argument that there is no distinction in the Settlement Agreement and the Settlement Annuity between Mr. LaForest and appellant, and that appellant essentially occupies, upon the death of Mr. LaForest, his same exact position, does not comport with the Court's review of the record.

In addition, the Settlement Annuity, authorized by the Settlement Agreement, designates Mr. LaForest as the "measuring life" for purposes of the Annuity [Doc. 1-19, p.

9

5]. When Mr. LaForest died in 1998, appellant became the designated beneficiary and payee receiving the guaranteed payments provided for in the Settlement Annuity [*Id.*, pp. 2-3]. The fact that upon the death of Mr. LaForest, appellant became the payee of these guaranteed payments and, along with her daughter, the beneficiary of such payments, did not change whose life the Settlement Annuity was based upon. In other words, Mr. LaForest's death did not make her the "person" upon whose life the Settlement Agreement was based on, whether or not she became its payee. This is consistent with the circumstances under which the Settlement Annuity was created, a Settlement Agreement arising from an automobile accident in which Mr. LaForest suffered injuries, and consistent with the terms of the Settlement Agreement, entitling appellant, as a "claimant" to the monthly and deferred payments, but not making her the "life" upon whom the payments were based.

Based on the aforementioned stipulated facts and exhibits, the Court does not find that the determination of the Bankruptcy Court that Mr. LaForest was the person by whose life the Settlement Annuity at issue was measured—*i.e.,* the "measuring life"— to be clearly erroneous. Appellant was not mentioned in the Settlement Agreement as a "person" or "measuring life" upon whom the monthly and deferred payments were to be made. Appellant was also not mentioned in the Settlement Annuity as a "person" or "measuring life" upon whose life the Annuity was based. Rather, as stated above, Mr. LaForest is the only named person evident from the jointly stipulated facts and exhibits that falls within the designation of "person" in the exemption statute. As such, because Mr. LaForest is the "person" within the meaning of the exemption statute claimed by appellant, case law clearly

holds, as cited by the Bankruptcy Court, that life insurance policies and annuities are exempt from the creditors of the "person" upon whose life the policy or annuity was created, but not from creditors of the "person's" beneficiary and/or spouse. *In re Billington*, 376 B.R. 239 (Bankr. M.D. Tenn. 2007); *In re Olien*, 256 B.R. 280 (Bank. E.D. Tenn. 2000); *In re Huffines*, 57 B.R. 740, 741 (Bankr. M.D. Tenn. 1985).[2] Thus, the Bankruptcy Court did not err in sustaining the Objection.

B.  **Whether the Bankruptcy Court Erred in its Categorization of the Settlement Annuity**

Appellant also argues that the Bankruptcy Court erred in its categorization of the Settlement Annuity because the Bankruptcy Court should have categorized it as either a "fixed, certain or straight" annuity, not an annuity measured by the life of Mr. LaForest. As support for this argument, appellant cites the language in the Settlement Agreement, "for the remainder of the natural life of David Allen LaForest, guaranteed for 30 years[,]" [Doc. 1-9, p. 4], and the language in the Settlement Annuity, the payments are "for life, guaranteed 30

---

[2] Appellant argues that the cases cited by the Bankruptcy Court all deal with exemptions for life insurance policies and that this case is distinguishable because it is an annuity and the Bankruptcy Court erred in refusing to "construe the statute to liberally allow the exemption if it falls within the intent of the exemption." [Doc. 4, p. 10]. However, the Court notes that T.C.A. § 56-7-203 does not distinguish between life insurance and annuity contracts, neither in the language of the statute, case law interpreting it, nor the intent of the exemption. T.C.A. § 56-7-203 (stating that "new amount payable under *any policy of life insurance* or under *any annuity contract* upon the life of any person made for the benefit of . . . ." (emphasis added)). As appellant cites no authority for her proposition that this Settlement Annuity should be treated any differently, and, upon the Court's review of the language, case law, and prupose of the exemption— to allow "for the exemption of funds in annuity contracts and the cash surrender values of policies rather than only the death proceeds payable under the contracts and policies[,]" *In re Clemmer*, 184 B.R. 935, 937 (Bankr. E.D. 1995), the Court does not find that any different treatment of the Settlement Annuity in this case is warranted. *See also Newport v. Thurman*, 127 B.R. 401, 405 (M.D. Tenn. 1991).

11

years[,]" [Doc. 1-19, p. 8], and argues that the "life" portion of this language is superfluous. Referencing this language, and arguing that because appellant was the "owner" of the Settlement Annuity upon the death of Mr. LaForest, appellant asserts that the Bankruptcy Court could not have concluded that the Settlement Annuity was "measured by anyone's life but her life." [Doc. 6, p. 10].

The Court does not agree. Simply because the payments under the Settlement Annuity were made to appellant following the death of Mr. LaForest, this does not make her the "measuring life" or the "person" to whose life the exemption would apply. The terms of the Settlement Agreement and the Settlement Annuity, providing for payments for the life of Mr. LaForest, guaranteed for thirty years, did not change upon the death of Mr. LaForest. Rather, the death of Mr. LaForest only changed to whom the payments were made and directed. The Bankruptcy Court found, after analyzing the language of the Settlement Agreement and the Settlement Annuity, that Mr. LaForest was the "person," or "measuring life" under the Annuity. This determination, as discussed in the previous section, was supported by the stipulated facts of record. While appellant is correct that the stipulated record includes an "annuity contract payable to [appellant] with her daughter as the beneficiary[,]" such does not make appellant the "person" or "measuring life" of the Settlement Annuity. At the time appellant filed her Voluntary Petition, the terms of the Settlement Agreement and the Settlement Annuity were the same, only appellant was the individual receiving the payments as payee. Her right to receive these payments did not make her the "person" or "measuring life" for the purposes of the exemption statute.

12

Accordingly, this Court disagrees with appellant that the phrase designating the Settlement Annuity payments for the life of Mr. LaForest was merely superfluous and finds that the Bankruptcy Court properly determined the Settlement Annuity to be an annuity measured and based upon the life of Mr. LaForest—not the life of appellant—and not merely a "fixed, certain or straight" annuity.

**V. Conclusion**

For the reasons stated herein, the Court **AFFIRMS** the M&O of the Bankruptcy Court [Doc. 1-20; Doc. 1-21] in its entirety. Accordingly, appellant's appeal will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
